UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMG FUNDING, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>INTERNATIONAL MANUFACTURING GROUP, INC., and DEEPAL WANNAKUWATTE,<br><br>　　　　Defendants. | CASE NO.  2:14-cv-00583-JAM-DAD<br><br>**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>Date:　　March 3, 2014<br>Time:<br>Ctrm:　　6<br>Judge:　Hon. John A. Mendez |

　　　　Plaintiff IMG Funding, LLC having filed its Complaint for Violations of the Federal and State Securities Laws, for Fraud, and for Fraudulent Business Practices, and having applied *ex parte* for a temporary restraining order pursuant to Fed.R.Civ.P. Rule 65(b); and the Court having considered the Complaint, Plaintiffs' *ex* parte motion, and the memorandum and declaration filed in support thereof, the Court hereby finds as follows;

　　　　1.　　The Court has jurisdiction of the subject matter of this case, there is good cause of believe the Court will have jurisdiction of all parties to the case, and venue in this District is proper.

　　　　2.　　 There is good cause of believe that Defendants International Manufacturing Group, Inc. ("IMG") and Deepal Wannakuwatte ("Defendants") obtained the investment funds

transmitted to them by Plaintiff by means of fraudulent misrepresentations in furtherance of a scheme to defraud investors, and that Plaintiff is likely to prevail on the merits of this action.

3.  There is good cause to believe that unless Defendants' assets are immediately frozen by this Court, further dissipation of Defendants' assets will cause immediate and irreparable damage to the Court's ability to grant effective monetary relief.  Accordingly, the interests of justice require that pursuant to Fed.R.Civ.P. Rule 65(b), this Order be granted without prior notice to Defendants and Plaintiff is relieved from providing notice beforehand.

4.  Weighing the equities and considering Plaintiff's likelihood of success, a Temporary Restraining Order and Order to Show Cause re: preliminary injunction is proper.

**ORDER**

For purposes of this Order, the following definitions shall apply:

1.  "Plaintiff" means Plaintiff IMG Funding, LLC.

2.  "Defendants" means International Manufacturing Group, Inc., and Deepal Wannakuwatte, and each of them, by whatever names each might be  know, as well as all other persons directly or indirectly under their control or under common control with them, and all other persons or entities in active concert or participation with any of them.

3.  "Assets" means any legal or equitable interest in, claim to, or possession of any real or personal property, including, without limitation, chattels, goods, instruments, equipment, fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, contracts, receivables, shares of stock, and all cash wherever located.

4.  "Document" shall have the same meaning as that term is defined in Fed.R.Civ.P. Rule 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and any other data compilations from which information can be obtained.  A draft or non-identical copy is a separate document within the meaning of the term.

5.  The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary, and to make the applicable sentence inclusive rather than exclusive.

///

///

**ASSET FREEZE**

    A.    Defendants are hereby temporarily restrained and enjoined as follows:

        1.    From directly or indirectly transferring, converting, selling, concealing, disbursing, spending, withdrawing, liquidating, encumbering, pledging , assigning or otherwise disposing of any Assets wherever located, that are:

            a.    Owned or controlled by Defendants, or their affiliates or subsidiaries (without limitation), in whole or in part,

            b.    In the actual or constructive possession of Defendants, or their affiliates or subsidiaries (without limitation), or

            c.    Owned, controlled by, or in the actual or constructive possession of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Defendant;

        2.    Opening or causing to be opened any safe deposit boxes titled in the name of any Defendant, or their companies, affiliates or subsidiaries, or subject to access by any of these Defendants;

        3.    Provided further that this Order shall be construed to apply to Assets that Defendants acquire following entry of this Order.

    B..    Any financial institution, broker, dealer or escrow agent having possession, custody or control of any Asset titled in the name of or on behalf of any Defendant, either individually or jointly or held for the benefit of any Defendant, shall:

        1.    Hold and retain within its control and prohibit the transfer, encumbrance, pledge, hypothecation, assignment, removal, withdrawal, disbursement, dissipation, conversion, sale, gift, or other disposal of any such Asset, in whole or in part, except for transfers or withdrawals authorized by further order of this Court;

        2.    Deny access by anyone to any safe deposit box titled individually or jointly in the name of or on behalf of any Defendant or otherwise subject to access by any Defendant.

///

C. Defendants are enjoined from directly or indirectly destroying, secreting, defacing, transferring or otherwise altering or disposing of any Documents in the possession, custody or control of Defendants, including but not limited to books, records, accounts, or any other papers of any kind or nature.

**EXPEDITED DISCOVERY**

Defendants shall immediately disclose to Plaintiff the location of any assets wherever located, that are:

A. Owned or controlled by Defendants, or their affiliates or subsidiaries (without limitation), in whole or in part;

B. In the actual or constructive possession of Defendants, or their affiliates or subsidiaries (without limitation); or

C. Owned, controlled by, or in the actual or constructive possession of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Defendant.

**DISTRIBUTION OF THE ORDER AND SUPPORTING PAPERS**

Plaintiff shall serve a copy of this Order and the *Ex Parte* papers on Defendants by fax, mail, or email no later than 5:00 p.m. on March 4, 2014.

**HEARING**

Defendants shall appear on March 12, 2014, at 10 a.m. to show cause why a Preliminary Injunction should not issue, restraining, and enjoining Defendants in the manner set forth in Section I of this Order.

Defendants shall file and serve any opposition to the issuance of a Preliminary Injunction, including any declarations, exhibits, memoranda, or other evidence on which they intend to rely, and objections to any evidence submitted by Plaintiffs, no later than 5:00 p.m. on March 10, 2014. Such document shall be served by fax or email on Plaintiff's counsel.

Plaintiff may file and serve any reply to Defendants' opposition by no later than 5 p.m. on March 11, 2014.

**BOND**

Plaintiff is relieved of the obligation to post a bond in connection with the granting of this motion.

**SERVICE OF ORDER**

Copies of this Order may be served by any means, including electronic or facsimile transmission, upon any financial institution or other entity or person that may have possession, custody or control of any Documents, accounts, or Assets of any Defendant or that may be subject to any provision of this Order.

**EXPIRATION**

This Order shall expire upon completion of the hearing on the Order to Show Cause Why a Preliminary Injunction Should Not Issue or as otherwise ordered by the Court.

Dated: March 3, 2014

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE